**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**ETHEL H. TAYLOR**                                                                                                    **PLAINTIFF**

**v.**                                                                                             **CAUSE NO. 3:11-CV-587-CWR-LRA**

**OTIS ELEVATOR COMPANY**                                                                               **DEFENDANT**

**ORDER**

Before the Court are the defendant's motion for summary judgment, Docket No. 19, and the plaintiff's motion for an extension of time to complete discovery, Docket No. 22. The motions are fully briefed and ready for review. *See* Docket Nos. 21 and 26-27. After considering the factual allegations, arguments, and applicable law, the motion for summary judgment will be granted and the motion for an extension of time will be denied.

*I.    Background*

Ethel H. Taylor alleges that she was seriously injured when an elevator in the Southern Farm Bureau Life Insurance building "malfunctioned and dropped suddenly from the 6th floor to the 2nd floor." Docket No. 1-2, at 2. She filed suit against Otis Elevator Company in the Circuit Court of Hinds County, Mississippi, claiming that it had failed to properly maintain the elevator and that the elevator was defectively designed.[1] *Id.* at 3-4. Otis Elevator removed the suit to this Court, invoking diversity jurisdiction. Docket No. 1.

*II.   Present Arguments*

Otis Elevator's motion for summary judgment argues that Taylor's claims fail largely because her attorney did not designate an expert during the discovery period. *Id.* at 3-9. Regarding the defective design claim, it contends that the Mississippi Product Liability Act ("MPLA"), Miss. Code § 11-1-63, requires expert testimony. *Id.* at 4. On the negligence claim, it argues that Taylor has no evidence of any negligence (*i.e.*, no evidence of breach), and that any claim to *res ipsa loquitur* is unavailing. *Id.* at 7-9.

Taylor opposes summary judgment, arguing that she needs more time to complete discovery.

---

[1] Otis Elevator installed and was responsible for maintaining the elevator in question. Docket No. 20, at 2; *see also* Docket No. 26-3, at 3 (defendant's responses to plaintiff's request for admissions).

Docket No. 21. She also has filed a motion to reopen the discovery period. Docket No. 22. She contends, in relevant part, that "Defendant's [sic] fail to mention, and Plaintiff's [sic] believe it is good cause for extending the Court's Scheduling Order, that Plaintiff was involved in litigation with the Mississippi Workers Compensation Commission with respect to Plaintiff's claim for total disability due to the subject elevator incident wherein their own firm attorney was the scheduled mediator for the disability claim." Docket No. 21, at 2. She adds that Otis Elevator failed to produce documents without a protective order, which she would not agree to; that it failed to respond to her request for admissions; and that her initial disclosures reserved the right to add witnesses. *Id.* at 2-3. She concludes, "Defendant's purposeful manipulation of the Federal Rules of Civil Procedure governing discovery in an effort to garner an unjust advantage for the Court to hear the merits of this case is contrary to the very essence of the rules of discovery, an insult to the intent of the Court's original Scheduling Order and good cause for the Honorable Court to grant Plaintiff's Motion for an extension of time to complete discovery and, correspondingly, deny Defendant's Motion For Summary Judgment." *Id.* at 3.

In rebuttal, Otis Elevator states that "by the implicit nature of Plaintiff's request, Plaintiff admits she has failed to prove her case." Docket No. 27, at 1. It opposes an extension, asserting that Taylor has not shown good cause to reopen the discovery period. Docket No. 26. Regarding the mediator from its attorney's law firm, Otis Elevator states that the mediation was cancelled, "no evidence was divulged, and no confidential memorandums [sic] were exchanged." *Id.* at 3. It contends that Taylor's claims of discovery violations are false because it produced documents after a protective order was signed and timely responded to the plaintiff's request for admissions. *Id.* at 4.

III.   *Standard of Review*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). The Court must "view the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citation omitted).

Because this case is proceeding in diversity, the applicable substantive law is that of the

2

forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

IV.   Discussion

   A.   The Motion for an Extension of Time

As background, the Magistrate Judge entered a Case Management Order on November 18, 2011. Docket No. 5. It gave Taylor until February 21, 2012 to designate her experts, and put the discovery deadline at May 22, 2012. *Id.* Both deadlines passed without any designation of experts. To date, Taylor has not designated an expert.

The Case Management Order stated that its deadlines could "be modified only by order of the court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record." *Id.* at 1. That language is based on Rule 16, which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

Taylor's motion does not demonstrate good cause for an extension. Her arguments are replete with red herrings and baseless accusations against her opponent. *See* Docket No. 23. Through all the smoke, she simply failed to designate an expert to support her case. That failure persists to present day, although she was put on notice of the deficiency when the defendant filed its motion for summary judgment on June 1.

Taylor's explanation is sufficient reason to deny her motion. The Court will proceed, though, to apply the more robust framework used to determine whether untimely-designated experts should be excluded. Under that rubric, the Court considers "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citation omitted); *see Fogleman*, 607 F.3d at 167.

The Court has already resolved the first factor; Taylor has presented no explanation for her failure to timely identify an expert witness. That weighs heavily against granting her motion for an extension of time.

3

Concerning the second factor, expert testimony is obviously important and necessary to Taylor's MPLA claim, as will be discussed below. But this factor "cannot singularly override the enforcement of local rules and scheduling orders," in part because "the importance of the testimony underscores how critical it was for [the plaintiff] to have timely designated [the expert]." *Hamburger*, 361 F.3d at 883 (quotation marks and citation omitted). Restated, if it was so important, it should have been done on time. Alternatively, Taylor should have affirmatively moved to extend the deadline before the allotted time expired. The Court may have even considered a tardier request, but to wait until after the close of discovery and the filing of a motion for summary judgment before requesting more time is tantamount to requesting that this Court abuse its discretion.

Next, Otis Elevator would undoubtedly be prejudiced by such a late expert designation. The Fifth Circuit has affirmed a finding of prejudice even in cases where the discovery period was still open. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Here, the discovery period has been closed for months, and Otis Elevator declined to designate an expert in reliance upon Taylor's non-designation. It would be prejudiced by the additional time and expense required by an extension.

Finally, the availability of a continuance provides some support for Taylor's motion. But it is not enough:

> Although a continuance might have cured any prejudice, such a remedy would have delayed resolution of the case and added to [the defendant's] expenses. Further, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders. Moreover, because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance.

*Garza v. Allstate Texas Lloyd's Co.*, 284 F. App'x 110, 113 (5th Cir. 2008) (unpublished) (quotation marks, citations, and brackets omitted) (affirming denial of extension where plaintiff's designation of experts was only 19 days late).

In light of these factors, Taylor's motion for an extension of time to complete discovery will be denied.

### B.   The MPLA Claim

It is well-established that an MPLA claim requires expert testimony. *Moss v. Batesville*

*Casket Co.*, 935 So. 2d 393, 404 (Miss. 2006).  Presumably, counsel was aware of this essential requirement at the time the Complaint was filed.  This Court has previously ruled that a plaintiff's failure to provide expert testimony in an MPLA case is cause for dismissal.  *Cothren v. Baxter Healthcare Corp.*, 798 F. Supp. 2d 779, 782 (S.D. Miss. 2011).  "Merely offering evidence that damage occurred after the use of a product is insufficient to establish liability."  *Thomas v. Kyocera Wireless Corp.*, No. 2:11-cv-9, 2012 WL 379481, *3 (N.D. Miss. Feb. 3, 2012) (citation omitted).

Accordingly, Taylor's MPLA claim is due to be dismissed.

C.     *The Negligence Claim*

The parties agree that Taylor's claim for failing to properly maintain the elevator is a negligence claim.  Docket Nos. 20, at 6; 21, at 3.  Otis Elevator argues that Taylor has no evidence that it breached its duty to maintain the elevator.  Docket No. 20, at 7.  Taylor responds that there are "[g]enuine fact issues" that preclude summary judgment, but has not identified what those issues are.  Docket No. 21, at 3.

Taylor's failure to identify a single disputed fact issue for trial means the claim will be dismissed.  "A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial."  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation omitted); *see* Fed. R. Civ. P. 56(c)(1); *McFaul v. Valenzuela*, 684 F.3d 564 (5th Cir. 2012) ("Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence.") (citation omitted).  The Court need not consider any *res ipsa loquitur* theory, as none was advanced by Taylor.

V.     Conclusion

The defendant's motion for summary judgment is granted and the plaintiff's motion for an extension of time is denied.  A separate Final Judgment will issue.

**SO ORDERED**, this the 25th day of July, 2012.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE